**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| N-CO CONSTRUCTION, LLC,<br><br>Petitioner,<br><br>v.<br><br>OLD VETERAN CONSTRUCTION, INC.,<br><br>Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO.: 1:22-MC-00002 (WLS) |

**ORDER**

On January 22, 2025, the Court received a Notice (Doc. 42) from Respondent Old Veteran Construction, Inc. ("Old Veteran") that it had filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 24-17124. Then, on July 20, 2026, the Court ordered the Parties to confer and inform the Court of the status of said bankruptcy proceedings within seven days. (Doc.43). Petitioner N-CO Construction, LLC timely filed a response to the Court's Order stating that as of July 27, 2026, the bankruptcy case remains pending in the bankruptcy court.[1] (Doc. 44).

While Old Veteran did not specifically request a stay of the proceedings in the above-captioned action in light of its bankruptcy proceedings in the Northern District of Illinois, (*see* Doc. 42), a party filing for bankruptcy invokes the automatic stay provisions of 11 U.S.C. § 362. Pursuant to the Bankruptcy Code's automatic stay provision, all litigation involving the bankrupt party in all state and federal courts, absent certain exceptions not applicable here, is stayed or halted. 11 U.S.C. § 362(a); *see* § 362(b) (listing exceptions not applicable here); *see also In re Patel*, 142 F.4th 1313, 1320 (11th Cir. 2025) ("The filing of the bankruptcy petition also triggers an automatic stay to shield the estate from collateral litigation . . . . [T]he automatic stay halts judicial, administrative, and other actions or proceedings, including

[1] Indeed, the Court own review of the docket in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 24-17124 indicates that the bankruptcy proceedings are still ongoing.

arbitrations, against the debtor." (citing first § 362(a)(1)–(8), and then *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 45 (2020))).

Here, the existence of automatic stay prevents the Court from taking any action in this matter as it relates to Old Veteran. Accordingly, the above-captioned action is **STAYED** pending further notice from either party of the Bankruptcy Court's resolution of the bankruptcy case or its lift of the automatic stay.

**SO ORDERED**, this 29th day of July 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**